UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, as successor-in-interest to Morgan Stanley Mortgage Capital Inc., Plaintiff, | ) | |
| | ) | C.A. No.: 07-365-S-DLM |
| v. | ) | |
| DREAM HOUSE MORTGAGE CORP., Defendant. | ) | |

**DEFENDANT DREAM HOUSE MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

In accordance with F.R.C.P. 8 and 12, the Defendant, Dream House Mortgage Corp., ("DHM" and/or "Defendant"), hereby responds to the Complaint of the Plaintiff, Morgan Stanley Mortgage Capital Holdings LLC, as successor-in-interest to Morgan Stanley Mortgage Capital Inc. ("Morgan Stanley" and/or "Plaintiff"), as follows:

**PARTIES**

1. DHM is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.
2. Admitted.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

4. Paragraph 4 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

5. DHM admits that its business activities include the origination of mortgage loans. DHM denies the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. DHM admits executing a Seller Agreement with the Plaintiff dated October 19, 2006, and that it appears that Exhibit A to the Plaintiff's Complaint is a copy of that document. No response is necessary to the remainder of Paragraph 6 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, in subparagraphs (a) through (g) of Paragraph 6, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required. To the extent a response may be required, the allegations contained in subparagraphs (a) through (g) of Paragraph 6 are denied.

7. DHM admits executing an Addendum No. 1 with the Plaintiff dated December 26, 2006, and that it appears that Exhibit B to the Plaintiff's Complaint is a copy of that document.

8. No response is necessary to Paragraph 8 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, in Paragraph 8, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which

no response is required. To the extent a response is required, the allegations contained in Paragraph 8 are denied.

9. DHM admits executing a Supplement with the Plaintiff dated May 21, 2007, and that it appears that Exhibit C to the Plaintiff's Complaint is a copy of that document.

10. No response is necessary to Paragraph 10 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, in Paragraph 10, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 10 are denied.

11. DHM admits only that it has, from time to time, sold mortgage loans to the Plaintiff. DHM denies the remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Denied. Answering further, DHM specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit D to the Plaintiff's Complaint.

13. Denied. Answering further, DHM specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit D to the Plaintiff's Complaint.

14. Paragraph 14 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, DHM admits only that the Plaintiff demanded that DHM repurchase or cure certain loans. However,

DHM denies the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Denied. Answering further, DHM specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit D to the Plaintiff's Complaint.

**COUNT I**
**Breach of Contract**

16. DHM repeats and restates its responses to Paragraphs 1 through 15 of the Plaintiff's Complaint, as if each were expressly set forth herein.
17. Denied.
18. Denied.
19. Denied.

WHEREFORE, DHM requests that this Court enter final judgment in its favor and against the Plaintiff on Count I of the Plaintiff's Complaint, and award DHM its costs of defense and such other and further relief as this Court deems just and appropriate.

**COUNT II**
**Indemnification**

20. DHM repeats and restates its responses to Paragraphs 1 through 19 of the Plaintiff's Complaint, as if each were expressly set forth herein.
21. No response is necessary to paragraph 21 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a document and characterize its contents, the terms of which speak for themselves. To the extent a response is required, the allegations are denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, DHM requests that this Court enter final judgment in its favor and against the Plaintiff on Count II of the Plaintiff's Complaint, and award DHM its costs of defense and such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, because the Defendant has no responsibility to repurchase, or otherwise remunerate the Plaintiff whatsoever for, any of the loans listed on Exhibit D to the Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its conduct, has waived any claims against the Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, by its conduct and actions, is estopped from recovering in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by its conduct and actions, has modified its agreements and contracts with the Defendant and is barred from recovering in this action.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is not qualified to do business in the State of Rhode Island, and as such, cannot maintain this action pursuant to R.I. Gen. Laws § 7-1.2-1418(a).

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to properly mitigate its damages.

SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that, if the Plaintiff is entitled to recover damages as alleged in its Complaint, such damages were caused by someone or by some entity for whose conduct the Defendant was not and is not legally responsible.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on the Supplement attached as Exhibit C are barred, because the Supplement specifically provides that it is only applicable to loans with a commitment date on or after May 21, 2007.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff breached the terms and conditions of the agreements and/or contracts alleged in the Plaintiff's Complaint, and therefore the Plaintiff is precluded from any recovery from the Defendant.

TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by an accord and satisfaction.

ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the failure of a condition precedent.

TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery because, to the extent that there were any breaches of the representations and/or warranties of the contracts and agreements at issue,

which the Defendant expressly denies, then such breaches were not a material cause of any loan delinquency or default.

THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend its affirmative defenses and to assert additional defenses, as discovery proceeds in this matter and as additional facts come to light.

DREAM HOUSE MORTGAGE CORPORATION

By its attorneys,

*/s/ Preston W. Halperin*
*/s/ Randall L. Souza*

Preston W. Halperin (#5555)
Randall L. Souza (#4082)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 phone
(401) 272-1403 facsimile

November 20, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2007, I caused a true and accurate copy of the within Defendant's Answer to Complaint to be served via electronic mail to:

William M. Dolan, III, Esq.
Brian J. Lamoureux, Esq.
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903

*/s/ Randall L. Souza*